UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUZIK TECHNICAL ENTERPRISES, INC., | Case No.: 11-CV-03786-PSG |
| Plaintiff and Counterclaim Defendant, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., and WESTERN DIGITAL (FREMONT) INC., | **(Re: Docket No. 25)** |
| Defendants and Counterclaim Plaintiffs, and | |
| WESTERN DIGITAL (THAILAND) COMPANY LIMITED and WESTERN DIGITAL (MALAYSIA) SDN.BHD, | |
| Defendants. | |

Plaintiff Guzik Technical Enterprises, Inc. ("GTE") charges Defendants Western Digital Corporation, Western Digital Technologies, Inc., Western Digital (Fremont), Inc., Western Digital (Thailand) Company, Ltd., and Western Digital (Malaysia) SDN.BHD (collectively "WD") with patent infringement, including infringement in violation of 35 U.S.C. § 271(g). In response, WD moves to dismiss GTE's Section 271(g) claims pursuant to Fed. R. Civ. P. 12(b)(6). Having considered the briefs and the oral argument presented to the court, and for the reasons below, the court DENIES WD's motion.

1

## I. BACKGROUND

GTE is the owner of U.S. Patent No. 6,023,145 ("'145 Patent"), which claims both an apparatus and process for testing hard disk drive heads and media.[1] GTE explains that "[h]ead/disk testers that use the patented process of the '145 Patent can provide more accurate positioning of a magnetic head with respect to the magnetic disk of the tester."[2] GTE also owns U.S. Patent No. 6,785,085 ("085 Patent"), which is directed to an apparatus and process for arranging multi-frequency servo burst patterns on a hard drive disk platter. The platter is then used to test hard drive heads and media.[3] "The employment of two different servo bursts on different frequencies . . . improve[s] the ability of the read/write head to be positioned on the disk in a hard drive."[4]

In its complaint, GTE alleges that WD testers practicing the processes of '145 and '085 patents are used in Thailand and Malaysia to "test heads and media as part of Defendants' manufacture of hard drives that are imported into the United States either as standalone hard drives or as components of other devices."[5] The specification of the '145 Patent, which the complaint incorporates by reference, provides that "[i]n the manufacture of a disk-based storage system, known as a 'disk-drive,' magnetic heads are usually tested on special magnetic head/disk testers with regard to their parameters and performance characteristics.[6] No further details are provided regarding WD's use of the claimed processes in the manufacture of its imported hard drives.

---

[1] *Id.* ¶ 17.

[2] Pl.'s Opp'n to Def.'s Mot. Dismiss at 2 (Docket No. 33).

[3] Docket No. 1 ¶ 18.

[4] Docket No. 33 at 2.

[5] *Id.* ¶ 30.

[6] *See* Docket No. 1-1, Ex. A at 1:33-36.

2

Case No.: 11-3786
ORDER

## II.  LEGAL STANDARDS

Pursuant to Rule 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[7]  While "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8]  In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face."[9]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[11]  Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[12]  The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[13]  Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[14]

---

[7] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[8] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[9] *Id*. at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Id*. at 1940.

[11] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[12] *See id*. at 1061.

[13] *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

[14] *See In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### III. DISCUSSION

The Federal Circuit has held that Fed. R. Civ. P. Form 18 (formerly Form 16), setting forth a sample complaint for direct infringement, meets the Supreme Court's pleading standard set forth in *Twombly*.[15] That standard requires only the following: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by one or more of the activities proscribed under 35 U.S.C. § 271; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.[16] Form 18 uses for example an allegation that the defendant violates Section 271(a) by "making, selling, and using" electric motors; no further detail is provided.

The parties do not dispute that Section 271(g) is a form of direct infringement.[17] Because GTE's complaint provides the bare level of detail for allegations of direct infringement suggested by Form 18, it therefore must pass muster.[18] "That form, which provides an example of alleging direct infringement, requires essentially nothing more than conclusory statements."[19] To be sure, it is difficult to reconcile Form 18 with the Supreme Court's guidance in *Twombly*, and, later, *Iqbal*.[20] In recognition of the primacy of Congress and "under Rule 84 of the Federal Rules of Civil

---

[15] *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007).

[16] *See id.*

[17] *See Avery Dennison Corp. v. UCB Films PLC*, No. 95 C 6351, 1997 WL 665795, at *2 (N.D. Ill. Oct. 20, 1997) (citing *E.I. DuPont de Nemours and Co. v. Monsanto Co.*, 903 F. Supp. 680, 733-34 (D. Del. 1995)). *See also Designing Health, Inc. v. Erasmus*, No. CV-98-4758 LB (CW), 2002 WL 34536686, at *9 (C.D. Cal. 2002), *aff'd in part and rev'd in part*, 132 Fed. Appx. 826 (Fed. Cir. 2005).

[18] *See McZeal*, 501 F.3d at 1356-57.

[19] *Elan Microelectronics Corp. v. Apple Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009).

[20] *See id.*

4

Case No.: 11-3786
ORDER

Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms."[21]

The court nevertheless appreciates that the complaint fails to disclose how WD's alleged use of the claimed testing processes can render the imported products "made by" those processes, in a manner consistent with both the plain language of Section 271(g) and Federal Circuit precedent defining that language.[22]  It is noteworthy, for instance, that many details missing from the complaint are discussed at length in GTE's brief, with no explanation as to why such information was not disclosed absent the filing of a motion with the court.[23]  While perhaps small consolation, WD may of course pursue this issue in discovery, including one or more contention interrogatories, in advance of an appropriate motion pursuant to Fed. R. Civ. 56.

## IV. CONCLUSION

WD's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: December 2, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[21] *Id.*

[22] *See* 35 U.S.C. 271(g) ("[w]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer."); *Bayer AG v. Housey Pharmaceuticals, Inc.*, 340 F.3d 1367 (Fed. Cir. 2003) (explaining that while "the production of information is not within the scope of processes of manufacture," section 271(g) "does not specify what products will be considered to have been 'made by' the patented process, apparently because Congress wanted the courts to resolve this critical question of proximity to the product of the patented process on a case-by-case basis").

[23] *Cf. S.O.I.T.E.C. Silicon Insulator Techn., S.A. v. MEMC Elec. Materials, Inc.*, No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155, at *6-7, n.3 (D. Del. Feb. 20, 2009).