UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUZIK TECHNICAL ENTERPRISES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., and WESTERN DIGITAL (FREMONT) INC., <br><br> Defendants and Counterclaim Plaintiffs, and <br><br> WESTERN DIGITAL (THAILAND) COMPANY LIMITED and WESTERN DIGITAL (MALAYSIA) SDN.BHD, <br><br> Defendants. | Case No.: 11-CV-03786-PSG <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> **(Re: Docket No. 51)** |

In this patent infringement case, Plaintiff Guzik Technical Enterprises, Inc. ("GTE") moves to dismiss claims of indirect infringement set forth in the amended counterclaims. Defendants Western Digital Corp., Western Digital Technologies, Inc., and Western Digital (Fremont), Inc. (collectively "WD") oppose the motion. Having reviewed the papers and considered the arguments of counsel, GTE's motion to dismiss WD's indirect infringement counterclaims alleged in the amended answer is GRANTED with leave to amend.

1
11-CV-03786-PSG
**ORDER GRANTING MOTION TO DISMISS**

## I. BACKGROUND

On November 22, 2011, WD filed amended counterclaims that include allegations of induced and contributory infringement of U.S. Patent No. 5,844,420 (the "'420 Patent"), U.S. Patent No. 5,640,089 (the "'089 Patent"), U.S. Patent No. 6,891,696 (the "'696 Patent"), and U.S. Patent No. 7,480,116 (the "'116 Patent").[1] The '420 Patent claims a fixture and a method of using the fixture for testing a head gimbal assembly that employs a flex interconnect circuit.[2] Head assemblies are a component used in the manufacture of hard drives.[3] The '089 Patent claims a magnoresistive element used to detect the surface roughness of an object.[4] The '696 Patent claims a base design of a disk drive that reduces vibration of the disks in the disk drive.[5] The '116 Patent claims a disk drive employing coarse position feedback to improve format efficiency.[6]

WD alleges that GTE "has manufactured and sold, and continues to manufacture and sell, test equipment for hard disk drive components, including without limitation the V2002, DTR 3000, and any other similar models, including associated electronics, read/write analyzers, components, and software packages or modules (collectively, the 'GTE Accused Products')."[7] With respect to the '420 Patent, WD further alleges:

> On information and belief, Guzik has indirectly infringed and continues to indirectly infringe the '420 Patent, in violation of 35 U.S.C. § 271(b), by actively inducing direct infringement by others, including Guzik customers other than WD, who operate and/or use products that embody or otherwise practice one or more of the claims of the '420 Patent, such as, without limitation, the Guzik Accused Products and/or components thereof, when Guzik had knowledge of the '420 Patent and knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Upon information and belief, Guzik has induced, and continues to induce, direct infringement through its intentional design, marketing, manufacturing, sale, and support, including technical support, of the Guzik Accused Products in the United

---

[1] *See* Docket No. 45 (Defs.' Am. Answer and Countercl.).

[2] *See id.*, Ex. A at 1:6-9.

[3] *See id.* at 4.

[4] *See id.*, Ex. B at 1:7-14.

[5] *See id.*, Ex. C at 1:8-10.

[6] *See id.*, Ex. D at 1:9-11.

[7] *See id.* at 15.

2
11-CV-03786-PSG
**ORDER GRANTING MOTION TO DISMISS**

> States. Upon information and belief, Guzik's inducement includes, among other things, active encouragement of the use of the Accused Products by its customers through the promotion and provision of the Accused Products and marketing literature and user manuals that induce direct infringement.[8]

In addition to WD's induced infringement claim, WD also alleges contributory infringement:

> On information and belief, Guzik has indirectly infringed and continues to indirectly infringe the '420 Patent by contributory infringement, in violation of 35 U.S.C. § 271(c), by providing non-staple articles of commerce to others, including Guzik customers other than WD, who directly infringe by operating and/or using products that embody or otherwise practice one or more of the claims of the '420 Patent, such as, without limitation, the Guzik Accused Products and/or components thereof, with knowledge of the '420 Patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed inventions of the '420 Patent. The Guzik Accused Products are, at least, a material part of the claimed inventions of the '420 Patent, and on information and belief, Guzik sells or otherwise provides to others, including its customers other than WD, the Accused Products, which are especially made or adapted for use in the claimed inventions of the '420 Patent, have no substantial non-infringing use, and are not staple articles of commerce. On information and belief, Guzik knew or should have known that the Accused Products it sold were, at least, a material part of the claimed inventions of the '420 Patent, were especially made or adapted for use in the claimed inventions of the '420 Patent, were without substantial non-infringing use, and were not staple articles of commerce. On information and belief, Guzik knew or should have known that its customers, among others, would use the Guzik Accused Products as intended and therefore that they would directly infringe the '420 Patent.[9]

WD uses similar language in alleging induced infringement and contributory infringement of the '089, '696, and '116 Patents.[10] WD also alleges that GTE had actual knowledge of each patent since at least September 26, 2011, which is the date on which WD filed its original answer and counterclaims.[11]

## II.   LEGAL STANDARDS

Pursuant to Rule 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

---

[8] *Id.* at 19.

[9] *Id.* at 19-20.

[10] *See id.* at 21-26.

[11] *See id.* at 16-17.

3
11-CV-03786-PSG
**ORDER GRANTING MOTION TO DISMISS**

legal theory."[12] While "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[13] In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face."[14] A claim is facially plausible "when the pled factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[16] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[17] However, the Court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[18]

35 U.S.C. section 271(b) sets forth the induced infringement standard: "[w]hoever actively induces infringement of a patent shall be liable as an infringer." The patentee must establish that there has been direct infringement, and that the alleged infringer "had knowledge that the induced acts constitute patent infringement."[19] "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."[20]

---

[12] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[13] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[14] *Id*. at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Id*. at 1940.

[16] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[17] *See id.* at 1061.

[18] *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (finding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[19] *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

[20] *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* in relevant part).

4
11-CV-03786-PSG
**ORDER GRANTING MOTION TO DISMISS**

35 U.S.C. section 271(c) sets forth the contributory infringement standard: "[w]hoever offers to sell or sells within the United States or imports into the United States a component [of an infringing product] . . . knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." Section 271(c) "require[s] a showing that the alleged contributory infringer knew that the combination for which [its] component was especially designed was both patented and infringing."[21]

### III.   DISCUSSION

GTE's essential argument in support of its motion is straightforward: WD's allegations of indirect infringement do not provide the detail necessary to satisfy *Iqbal*'s "plausibility" standard.[22] GTE highlights the generality of the allegations regarding the timing of its post-complaint knowledge of the asserted patents, its intent, and the identity of the third parties that directly infringe, and cites a string of district court decisions rejecting similar indirect infringement allegations.[23]

WD's essential response is equally straightforward: nothing in *Iqbal* requires pleading "with specificity," at least of the type GTE urges.[24] WD points to a number of district court decisions that have found allegations of post-complaint knowledge, actions such as design or marketing consistent with such knowledge and a description of the categories of direct infringers, sufficient to overcome a challenge under Rule 12.[25]

Unfortunately, the Federal Circuit has yet to issue any precedential opinion addressing the standards for pleading indirect infringement in a post-*Iqbal* world. On this much, the parties agree. And so the court is left to consider the relative merits of the various district court decisions that

---

[21] *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).

[22] *See* Docket No. 51 (Pl.'s Mot. to Dismiss) at 1-2.

[23] *See generally id.*

[24] *See* Docket No. 55 (Defs.' Opp. to Mot. to Dismiss) at 2-3.

[25] *See generally id.*

5
11-CV-03786-PSG
**ORDER GRANTING MOTION TO DISMISS**

have confronted this basic question. The court must begin by noting that it has previously addressed the impact of *Iqbal* and its "plausibility" standard on GTE's claims of direct infringement.[26] In that earlier order, the court noted that, *Iqbal*'s guidance notwithstanding, deference to Congress's mandate in Form 18 requires acceptance of the "bare level of detail for allegations of direct infringement suggested by" the form.[27]

Nothing in Form 18, however, constrains the court's consideration here of the additional elements of either species of indirect infringement.[28] Freed from those constraints, the court is of the view that *Iqbal* requires more information about the counterclaims than WD has provided. WD may be right that nothing in *Iqbal* requires a patentee to identify the specific customers who are alleged to have performed the acts of direct infringement.[29] WD also may be right that post-complaint knowledge of the asserted patents can support necessary elements of both induced and contributory infringement.[30] But knowledge of the patents alone is insufficient to establish the

---

[26] *See* Docket No. 48 (Order Denying Mot. to Dismiss) at 4-5.

[27] *Id.* at 4 (quoting *McZeal v. Sprint Corp.*, 501 F.3d 1356-57 (Fed. Cir. 2007)).

[28] *See Elan Microelectronics Corp. v. Apple, Inc.*, Case No. C09-015131 RS, 2009 U.S. Dist. LEXIS 83715, at *7 (N.D. Cal. Sept. 14, 2009) ("[I]n the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*."); *see also Biax Corp. v. Motorola Solutions, Inc.*, Case No. 10-cv-0313-PAB-KLM, 2012 U.S. Dist. LEXIS 18546, at *10 ("Indirect infringement claims, however, contain additional elements left entirely unaddressed by Form 18. Consequently, the Court identifies no persuasive reason not to apply *Twombly* and *Iqbal* to plaintiff's claims of indirect infringement.") (citing *Asentinel LLC v. Anchorpoint, Inc.*, Case No. 10-2706-D/P, 2011 U.S. Dist. LEXIS 93803, at *3 (W.D. Tenn. Aug. 22, 2011)); *Gradient Enter., Inc. v. Skype Tech. S.A.*, Case No. 10-CV-6712L, 2012 U.S. Dist. LEXIS 33563, at *9 (W.D.N.Y. Mar. 13, 2012); *Tech. Licensing Corp. v. Technicolor USA, Inc.*, Case No. 2:03-1329 WBS EFB, 2010 U.S. Dist. LEXIS 113292, at *2 (E.D. Cal. Oct. 18, 2010)).

[29] *See California Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*, Case No. C 10-05067 CW, 2011 U.S. Dist. LEXIS 15804, at *11 (N.D. Cal. Feb. 16, 2011).

[30] *See, e. g.*, *Monolithic Power Systems, Inc. v. O2 Micro Inter'l Ltd.*, 476 F. Supp. 2d 1143, 1158 (N.D. Cal. 2007); *Walker Digital, LLC v. Facebook, Inc.*, Case. No. 11-313-SLR, 2012 U.S. Dist. LEXIS 48080, at *15 (D. Del. Apr. 4, 2012); *Schindler Elevator Corp. v. Otis Elevator Co.*, Case No. 09-cv-0560 (DMC), 2010 U.S. Dist. LEXIS 24906, at *9-10 (D.N.J. Mar. 16, 2010); *e-LYNXX Corp. v. InnerWorkings, Inc.*, Case No. 1-10-cv-02535, 2011 U.S. Dist. LEXIS 91273, at *22; *Oy Ajat, Ltd. v. Vatech Am., Inc.*, Case No. 10-4875 (PGS), 2011 U.S. Dist. LEXIS 41354, at *9-10 (D.N.J. Apr. 14, 2011); *Automated Transactions, LLC v. First Niagara Fin. Group, Inc.*, Case No. 10-CV-00407(A)(M), 2010 U.S. Dist. LEXIS 141275, at *15-16 (W.D.N.Y. Aug. 31, 2010).

mental state required for an indirect infringement claim. WD does not offer any facts that render it plausible that, with such knowledge GTE has acted with the specific intent that is required. Instead, it merely alleges that this is so, and on nothing more than WD's "information and belief." This is precisely what the Supreme Court proscribed by its clear admonition that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[31]

GTE's motion to dismiss is GRANTED but with leave to amend. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[32] While WD has already amended its counterclaims once, nothing suggests that its claims could not be saved by further amendment identifying sufficient facts supporting its information and belief. Any amended counterclaims shall be filed no later than May 25, 2012.

**IT IS SO ORDERED.**

Dated: May 11, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[31] *Iqbal*, 129 S. Ct. at 1949.

[32] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).