UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUZIK TECHINICAL ENTERPRISES, INC., <br><br>Plaintiff and Counterclaim Defendant, <br><br>v. <br><br>WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., and WESTERN DIGITAL (FREMONT) INC., <br><br>Defendants and Counterclaim Plaintiffs, and <br><br>WESTERN DIGITAL (THAILAND) COMPANY LIMITED and WESTERN DIGITAL (MALAYSIA) SDN.BHD, <br><br>Defendants. | Case No.: 11-CV-03786-PSG <br><br>**ORDER DENYING LEAVE TO AMEND INFRINGEMENT AND INVALIDITY CONTENTIONS** <br><br>**(Re: Docket Nos. 181, 185)** |

In this patent infringement case, Plaintiff Guzik Technical Enterprises, Inc. ("GTE") moves for leave to amend its infringement and invalidity contentions pursuant to Patent L.R. 3-6. GTE argues that it has good cause for the requests and points to discovery only recently produced that it wants to incorporate into its amended infringement contentions. It also asserts that after "in-depth analysis"[1] following the court's claim construction in September 2012,[2] it wants to reclassify its

---

[1] *See* Docket No. 185.

[2] *See* Docket Nos. 117, 123.

1

Case No.: CV11-03786-PSG
ORDER

invalidity contentions and add charts that it mistakenly omitted.  GTE maintains that none of its amendments will prejudice Western Digital or require much if any changes to the case schedule that the court has set.

What GTE does not offer to either the court or Western Digital are the actual amended contentions, infringement or invalidity.  At the hearing on the motions, GTE stated that it had not yet completed the new contentions, in part because it is continuing to connect the recent discovery to its infringement theories.  GTE also has made no commitment regarding the date that the court and Western Digital could expect to receive the amended contentions despite the impending deadline for opening expert reports, set only three days from this order.[3]  But GTE maintains that the absence of the amendments is no detriment to its requests because it has provided sufficient description of the changes it plans to make and, based on its own description of those changes, the contentions will neither prejudice Western Digital nor substantially delay the case.

GTE's position presents the court with an opportunity to clarify the requirements for parties seeking to amend their infringement or invalidity contentions before the undersigned: moving parties must submit their proposed amended contentions with their request.  It is true that Patent L.R. 3-6 does not explicitly require that a party seeking to amend its contentions provide the court or its opposing counsel with the proposed changes, and so GTE's failure to submit its new contentions is not an obvious error.  But Rule 3-6 does require that the moving party make a showing of good cause and that the court assess whether the nonmoving party would be subject to undue prejudice.  How can the court analyze those factors when it has no opportunity to review the changes the moving party proposes?  Without the amendments, the court cannot ascertain whether the moving party's reasons for amendment are borne out in its proposed changes or whether the

---

[3] *See* Docket No. 57.

2

Case No.: CV11-03786-PSG
ORDER

two are wholly unconnected. And without that nexus, the court cannot and should not permit amendment.[4] Its evaluation in essence would be no more than a guess.

Because GTE has not provided the proposed amended contentions, the court DENIES its requests for leave to file them. This determination does not reflect on whether GTE had good cause or acted diligence or whether Western Digital would be unfairly prejudiced. And that, in a nutshell, is the problem. Without the amendments, the court cannot make those determinations, and without those determinations, the court cannot grant leave to amend.

**IT IS SO ORDERED.**

Dated: May 14, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) (noting that amendment of infringement contentions requires a showing of diligence).

Case No.: CV11-03786-PSG
ORDER
3