1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GUZIK TECHNICAL ENTERPRISES, INC., )
        Plaintiff and Counterclaim Defendant, )
        v. )
WESTERN DIGITAL CORPORATION, et al., )
        Defendants and Counterclaim Plaintiffs, )
and )
WESTERN DIGITAL (THAILAND) )
COMPANY LIMITED and )
WESTERN DIGITAL (MALAYSIA) )
SDN.BHD, )
        Defendants. )

Case No.: 5:11-cv-03786-PSG

**OMINBUS ORDER RE: SEALING MOTIONS**

**(Re: Docket Nos. 298, 309, 316, 327, 342, 348, 363, 365, 367, 371, 379-2, 385, 389, 392, 406, 407, 421, 425, and 456)**

Plaintiff Guzik Technical Enterprises ("GTE") and Defendants Western Digital Corp., et al. (collectively, "Western Digital") have each filed various sealing motions. In the interest of expediency the court presumes familiarity with the background of this case[1] and turns immediately to the motions before it.

---

[1] Unfamiliar readers are directed to three of the court's recent summary judgment orders. *See* Docket Nos. 442, 443, and 445.

1

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

# I. LEGAL STANDARDS

## A.     Sealing Motions

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2]   Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[3]   Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[5]   Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6]   As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]   "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9]   A protective order sealing the documents during discovery may reflect the court's previous determination that good

---

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* at 1178-79.

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil L.R. 79-5.  Pursuant to Civil L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12]  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

## II. ANALYSIS

### A.   August 27, 2013 Presentation at Dispositive Motion Hearing

The parties jointly seek leave to file portions of presentations from the hearing held before the undersigned on August 27, 2013 under seal.[14]  In particular, the parties seek leave to file: (1) GTE's presentation in opposition to Western Digital's motion for summary judgment regarding GTE's breach of contract claim, (2) GTE's presentation in support of its motion to strike,

---

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

[12] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d)(1) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed" and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted" from the redacted version.

[13] Civ. L.R. 79-5(e)(1).

[14] *See* Docket No. 298.

3

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

(3) GTE's presentation in support of its motion for summary judgment of validity of the '145 patent, and (4) Western Digital's presentation in support of its motion for summary judgment on the breach of contract claim.  The court has reviewed the parties' representations alongside the redacted presentations and believes that sealing is warranted.  The parties joint request is GRANTED.

**B.      GTE's Trial Brief**

GTE seeks leave to file portions of its trial brief as well as Exhibits A and D-H under seal.[15] GTE filed a declaration in support of its request.[16]  Western Digital filed a timely declaration in support of GTE's sealing request.[17]  The court will address each in turn.

Exhibit A is the 1996 contract between GTE and Read-Rite.  Exhibit A may be filed under seal.

Exhibit D is the 2004 contract between GTE and Western Digital.  Exhibit D may be filed under seal.

Exhibit E is Dr. Klopp's expert report.  It contains "significant references to and discussion regarding the technical features of GTE's head/disk testers and components thereof, as well as comparisons to Western Digital's head/disk testers."[18]  Exhibit E may be filed under seal.

Exhibit F contains excerpts from  Dr. Phinney's expert report that contains "significant references to and discussion regarding the technical features of GTE's head/disk testers, as well as software-related functionality."[19]  Exhibit F may be filed under seal.

Exhibit G contains excerpts of Dr. Phinney's rebuttal expert report.  GTE believes this

---

[15] *See* Docket No. 342.

[16] *See* Docket No. 342-1.

[17] *See* Docket No. 376.

[18] Docket No. 342-1 at ¶ 6.

[19] *Id.* at ¶ 7.

4

Case No.: 5:11-cv-03786-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

document contains information designated confidential by Western Digital.[20]  GTE's supporting

declaration only offers a generalized statement that Exhibit G "has confidential information about

Western Digital's Accused Product and Western Digital's confidentiality interest therefore

overcomes the right of public access to the record, as a substantial probability exists that Western

Digital's overriding confidentiality interest will be prejudiced if the record is not sealed."[21]

Western Digital's declaration does not satisfy the good cause standard.  Exhibit G may not be filed

under seal.

Exhibit H contains financial data introduced during Mr. Wagner's deposition.  The exhibit

"contains significant references to GTE's confidential financial and sales information, including

confidential pricing information and references to GTE's operating margins."[22]  Exhibit H may be

filed under seal.

The underlying trial brief "contains significant references to and discussion of GTE's

business relationships, among other information that is referred to in the Requested Sealed

Documents."[23]  Although GTE does not seek to seal the entire trial brief, it asks the court to seal a

substantial portion of it.[24]  After reviewing the trial brief the court agrees that some, but not all,

proposed redactions are warranted.  The following redactions may not be filed under seal:

Page 4, lines 18-19, 25-26

Page 5, lines 1-4, 27

Page 7, lines 18-19

Page 8, line 27

---

[20] *See id.* at ¶ 13.

[21] Docket No. 376 at ¶ 9.

[22] Docket No. 342-1 at ¶ 8.

[23] *Id.* at ¶ 9.

[24] *See id.* at ¶ 10.

5

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

Page 9, lines 1-5, 13

Page 11, lines 24-27

Page 13, lines 7-13

Page 14. lines 1-7

Page 16, lines 18-28

Page 17, lines 1-2, 4-8, 11-12, 14-16

Page 18, lines 25-27

Page 19, lines 10-12

Page 20, lines 2-8, 11-16, 18-23

Page 21 lines 1-19, 21-26

Page 24, lines 13, 15-16

Page 32, lines 13-15, 20

Page 33, lines 4-11, 14-25

Page 34, lines 1-16

Page 36, lines 15-20

All other proposed redactions may remain.

As detailed above, GTE's request to seal portions of its trial brief and related exhibits is

GRANTED-IN-PART.

## C.     Western Digital's Trial Brief

Western Digital seeks leave to file a redacted version of its trial brief under seal, because it contains information designated by GTE as confidential.[25]  GTE submitted a timely declaration supporting Western Digital's sealing request.[26]  After reviewing GTE's declaration and the alongside the requested redactions, the court finds sealing to be warranted.  Western Digital's

---

[25] *See* Docket No. 348.

[26] *See* Docket No. 375.

6

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

1   request is GRANTED.

2   **D.      GTE's MILs Nos. 1-10**

3            GTE seeks leave to file portions of some of its motions in limine as well as supporting

4   exhibits under seal.[27]   Although Western Digital failed to comply with Civil L.R. 79-5(e)(1) and

5   filed a supporting declaration more than four days after GTE's sealing motion, the court will

6   consider the declaration.[28]   By its motion, GTE asks the court to seal portions of 20 documents.

7   The court will address each in turn.

8            1.      Exhibit 8 consists of excerpts from the deposition transcript of Mr. Pampinella.

9                    Western Digital claims the testimony discusses Mr. Pampinella's conversations "with

10                   Western Digital employees regarding confidential business matters."[29]   After reviewing

11                   Exhibit 8 in light of Western Digital's declaration, the court finds that sealing the

12                   exhibit is not warranted.  Exhibit 8 may not be filed under seal.

13           2.      Exhibit 9 consists of excerpts from the deposition transcript of Mr. Buttar.  GTE relied

14                   on Western Digital's designation that Exhibit 9 contained Western Digital's confidential

15                   information.  Western Digital submitted a written declaration that sealing Exhibit 9 was

16                   not warranted.[30]   Exhibit 9 may not be filed under seal.

17           3.      Exhibit 12 consists of excerpts from Dr. Messner's expert report.  This report contains

18                   "information regarding GTE's head/disk testers and trade secrets" that GTE considers

19                   confidential.[31]   The report also contains information "regarding the structure and

---

[27] *See* Docket No. 371.

[28] *See* Docket Nos. 410 and 431.

[29] Docket No. 410 at ¶ 9.

[30] *Id.* at ¶ 5.

[31] Docket No. 371-1 at ¶ 11.

7

Case No.: 5:11-cv-03786-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

function of the accused products" that Western Digital considers highly sensitive.[32]

Western Digital acknowledges "that a redacted version of this document can be filed,

however, subject to the agreement of the parties, will defer filing a redacted version

until Guzik has a chance to further review this document."[33]  The docket reflects the

parties' apparent failure to file a redacted version of Exhibit 12.  Exhibit 12 may not be

filed under seal.

4.    Exhibit 21 consists of GTE's interrogatory responses dated January 12, 2012.  These

responses identify "technical descriptions of trade secrets" asserted by GTE against

Western Digital.[34]  Because GTE does not believe the entire exhibit needs to be

redacted, it submitted proposed redactions.  The redacted exhibit may be filed under

seal.

5.    Exhibit 22 consists of excerpts from Dr. Klopp's expert report.  The report "contains

significant references to and discussion regarding the technical features of GTE's

head/disk testers" and "comparisons to Western Digital's head/disk testers."[35]

Western Digital filed a declaration supporting the sealing of Exhibit 22.  Exhibit 22 may

be filed under seal.

6.    Exhibit 23 consists of excerpts from Dr. Talke's expert report.   GTE relied on

Western Digital's designation that Exhibit 23 contained Western Digital's confidential

information.  Western Digital submitted a written declaration that sealing Exhibit 23

was not warranted.[36]  Exhibit 23 may not be filed under seal.

---

[32] Docket No. 410 at ¶ 10.

[33] *Id.*

[34] Docket No. 371-1 at ¶ 12.

[35] *Id.* at ¶ 13.

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

7.      Exhibit 24 consists of excerpts from Dr. Talke's rebuttal expert report.  This exhibit "identifies and discusses GTE's design choices with respect to certain components of its head/disk tester products, which it treats as highly confidential and regards as valuable trade secret information."[37]  Exhibit 24 may be filed under seal.

8.      Exhibit 25 consists of excerpts from Dr. Messner's rebuttal expert report.  This exhibit provides information "regarding the structure and function of the accused products" that Western Digital considers highly sensitive.[38]  As with Exhibit 12, the court believes sealing all of Exhibit 25 is not warranted.  The exhibit may not be filed under seal.

9.      Exhibit 26 consists of excerpts from the deposition transcript of Dr. Talke that provide "descriptions of the function and structure" of Western Digital products.[39]  Because Western Digital has not pointed out with particularity what information warrants sealing, it has not met the good cause standard.  Exhibit 26 may not be filed under seal.

10.     Exhibit 27 consists of excerpts from the deposition transcript of Dr. Messner.  GTE relied on Western Digital's designation that Exhibit 27 contained Western Digital's confidential information.  Western Digital submitted a written declaration that sealing Exhibit 27 was not warranted.[40]  Exhibit 28 may not be filed under seal.

11.     Exhibit 28 consists of excerpts from Mr. Jestice's expert report that "quotes and borrows figures from confidential manuals (e.g., software and user guides) pertaining to GTE's head/disk tester products" and includes significant citations to GTE's source

---

[36] *Id.* at ¶ 5.

[37] Docket No. 431 at ¶ 5.

[38] Docket No. 410 at ¶ 12.

[39] *Id.* at ¶ 13.

[40] *Id.* at ¶ 5.

9

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

code.[41]  The exhibit may be filed under seal.

12.  Exhibit 29 consists of excerpts from the deposition transcript of Mr. Jestice.  GTE relied

on Western Digital's designation that Exhibit 29 contained Western Digital's

confidential information.  Western Digital submitted a written declaration that sealing

Exhibit 29 was not warranted.[42]  Exhibit 29 may not be filed under seal.

13.  Exhibit 30 consists of excerpts from Mr. Jestice's expert report that "identifies file

names for GTE's highly confidential source code for its head/disk tester products,

which relate to their functionality."[43]  Exhibit 30 may not be filed under seal.

14.  Exhibit 33 consists of excerpts from Dr. Phinney's expert report that makes

"significant" reference to and discussion of "the technical features of GTE's head/disk

testers, as well as software-related functionality."[44]  Exhibit 33 may be filed under seal.

15.  Exhibit 34 consists of excerpts from Dr. Phinney's expert rebuttal report that makes

"significant" reference to and discussion of "the technical features of GTE's head/disk

testers, as well as software-related functionality."[45]  Exhibit 34 may be filed under seal.

16.  Exhibit 35 consists of excerpts from Dr. Messner's supplemental expert report that

"refers to and quotes confidential technical information regarding GTE's head/disk

tester products from GTE's V2002 tester user guide."[46]  The redacted exhibit may be

filed under seal.

17.  Exhibit 37 consists of excerpts from a Western Digital presentation prepared for

---

[41] Docket No. 431 at ¶ 7.

[42] Docket No. 410 at ¶ 5.

[43] Docket No. 431 at ¶ 9.

[44] Docket No. 371-1 at ¶ 14.

[45] Docket No. 371-1 at ¶ 15.

[46] Docket No. 431 at ¶ 13.

10

Rule 408 settlement discussions "that contains confidential settlement information that Western Digital considers to be highly sensitive."[47]   Only page 25 of Exhibit 37 may be filed under seal.

18.     GTE seeks leave to file its MIL No. 1 under seal, because it cites material that Western Digital designated confidential.  Western Digital makes a general claim that sealing is warranted because some material in MIL Nos. 1, 4, and 8 makes reference to "the structure and function of the Accused Products."[48]  The general statements in Western Digital's declaration do not point out with particularity why sealing is warranted.  The motion may not be filed under seal.

19.     GTE seeks leave to file its MIL No. 4 under seal, because it cites material that it believes is sealable.  GTE argues the motion "contains significant references to and discussion of technical features" of GTE's head/disk testers.[49]  After reviewing the proposed redactions the court agrees that sealing is warranted.  The redacted motion may be filed under seal.

20.     GTE seeks leave to file its MIL No. 8 under seal, because it cites material that Western Digital designated confidential.  Western Digital makes a general claim that sealing is warranted because some material in MIL Nos. 1, 4, and 8 makes reference to "the structure and function of the Accused Products."[50]  The general statements in Western Digital's declaration do not point out with particularity why sealing is warranted.  The motion may not be filed under seal.

    GTE's request is GRANTED-IN-PART.

[47] Docket No. 410 at ¶ 5.

[48] Docket No. 410 at ¶ 17.

[49] Docket No. 379-1 at ¶ 16.

[50] Docket No. 410 at ¶ 17.

Case No.: 5:11-cv-03786-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E.      GTE's Opposition to Western Digital's MIL No. 4**

GTE seeks leave to file Exhibit 1 to the Declaration of Scott Kolassa under seal, because the exhibit contains excerpts Dr. Phinney's expert report.[51]  GTE represents that Exhibit 1 "includes confidential information pertaining to GTE's V2002 tester, including, but not limited to, the identification of components, processes, and photos" of the tester.[52]  After reviewing Exhibit 1, the court is satisfied that the good cause standard has been met.  GTE's request is GRANTED.

**F.      GTE's Opposition to Western Digital's MIL No. 7**

GTE seeks leave to file its opposition and Exhibits 1-3 under seal, in part, because it believed those documents contain Western Digital's confidential information.[53]  Although Western Digital failed to comply with Civil L.R. 79-5(e)(1) and filed a supporting declaration more than four days after GTE's sealing motion, the court will consider the declaration.[54]  After reviewing the parties' representations alongside the exhibits, the court is satisfied that the limited redactions to GTE's opposition and Exhibits 1-3 warrant sealing.  GTE's request is GRANTED

**G.      GTE's Opposition to Western Digital's MIL No. 8**

GTE seeks leave to file Exhibit A under seal,[55] because the exhibit consists of "a claim chart comparing GTE's V2002 tester to asserted claims of U.S. Patent No. 6,023,145."[56]  GTE argues sealing is warranted, because the document "contains extensive technical descriptions of GTE's V2002" tester and Dr. Phinney relied on confidential information in preparing the

---

[51] *See* Docket No. 379 at 2.

[52] Docket No. 379-1 at 2.

[53] *See* Docket 392.

[54] *See* Docket No. 437.

[55] *See* Docket No. 385.

[56] Docket No. 385-1 at 1.

12

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

document.[57]  After reviewing the parties' representations alongside the claim chart, the court agrees that the exhibit warrants sealing.  GTE's request is GRANTED.

**H.      GTE's Opposition to Western Digital's MIL No. 9**

GTE seeks leave to file portions of its opposition under seal, because it relies on Western Digital's designation that certain information in its opposition was confidential.[58] Although Western Digital failed to comply with Civil L.R. 79-5(e)(1) and filed a supporting declaration more than four days after GTE's sealing motion, the court will consider the declaration.[59]  After reviewing the request the court is convinced sealing the motion is not warranted.  GTE's request is DENIED.

**I.      Western Digital's MILs**

Western Digital seeks leave to file Exhibits 1-2, 10-12, 14, 16, 23-24, and 27-28 in support of its motions in limine under seal.[60]  Western Digital relies on GTE's designation that the information in Exhibits 10-12 and 16 contains GTE's confidential information.  Western Digital relies in part on GTE's designation that Exhibits 14 and 28 contain GTE's confidential information and also represents that those exhibits contain Western Digital financial and business information. Western Digital represents that Exhibits 1-2, 23-24, and 27 "disclose information about the structure and function of the Accused Products as well as confidential information about Western Digital's business operations."[61]  GTE filed a timely declaration supporting the sealing of Exhibits 10-12, 14, 16, and 28.  Because it did not believe sealing the entirety of certain exhibits was warranted, GTE submitted more limited redactions to Exhibits 11-12, 16, and 28.  The court

---

[57] *Id.*

[58] *See* Docket No. 406.

[59] *See* Docket No. 438.

[60] *See* Docket No. 327.

[61] Docket No. 327-1 at ¶ 5.

13

Case No.: 5:11-cv-03786-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

United States District Court
For the Northern District of California

has reviewed the exhibits in light of the parties' representations and rules as follows:

Exhibit 1 may be sealed in part.  Only Exhibit A to Exhibit 1 may be sealed.

Exhibit 2 may be sealed.

Exhibit 10 may be sealed.

The more narrowly-tailored redactions to Exhibit 11 may be sealed.

The more narrowly-tailored redactions to Exhibit 12 may be sealed.

Only paragraphs 514-515 of Exhibit 14 may be sealed.

The more narrowly-tailored redactions to Exhibit 16 may be sealed.

Exhibit 23 may be sealed.

Exhibit 24 may be sealed.

Exhibit 27 may be sealed.

The more narrowly-tailored redactions to Exhibit 28 may be sealed.

Western Digital's request is GRANTED-IN-PART.

## J.   Western Digital's Opposition to GTE's MILs

Western Digital seeks leave to file Exhibits B-G, I, and L in support of its opposition to GTE's motions in limine under seal.[62]  Western Digital represents that Exhibits B-D and G contain confidential information related to Western Digital's business operations as well as the structure and function of Western Digital products.[63]  These generic representations do not point out with particularity why these documents satisfy the good cause standard.  Exhibits B, C, and G is may not be sealed.[64]

Although GTE failed to comply with Civil L.R. 79-5(e)(1) and filed a supporting declaration more than four days after Western Digital's sealing motion, the court will consider the

---

[62] *See* Docket No. 425.

[63] *See id.*

[64] Exhibit D may be sealed on the basis of GTE's declaration.

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

declaration.[65]  After reviewing the parties' representations alongside the relevant exhibits, the court
is convinced that sealing Exhibits D-F, I, and L is warranted.  Western Digital's request is
GRANTED-IN-PART.

**K.      GTE's Motion to Exclude Portions of Dr. Messner's Testimony**

GTE seeks leave to file Exhibits B and D-H under seal.[66]  As to Exhibits B and D-G, GTE
relies on Western Digital's representation that those documents contain confidential information.
GTE offers a detailed declaration regarding Exhibit H that demonstrates why sealing a portion of it
is warranted.  GTE's request to seal Exhibit H is GRANTED.

Although Western Digital failed to comply with Civil L.R. 79-5(e)(1) and filed a supporting
declaration more than four days after GTE's sealing motion, the court will consider the
declaration.[67]  After reviewing the parties' representations alongside the exhibits, the court is
convinced that some sealing is warranted.

Western Digital's request to seal Exhibit B is GRANTED.

Western Digital's request to seal Exhibit D is GRANTED-IN-PART.  Exhibits E and K of
Exhibit D (Dr. Phinney's expert report) report may be sealed.  The other material in Exhibit D may
not be sealed.

Western Digital's request to seal Exhibits E, F, and G is DENIED.  Western Digital's
boilerplate declaration that the documents contain "testimony regarding the structure and function
of the Accused Products" does not point out with particularity why those documents warrant
sealing.[68]

---

[65] See Docket No. 440.

[66] *See* Docket No. 309.

[67] *See* Docket No. 319.

[68] *Id.* at 2.

15

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

**L.      Western Digital's Opposition to GTE's Motion to Exclude Portions of Dr. Messner's Testimony**

Western Digital seeks leave to file Exhibits 1-3, 7, and 9 under seal.[69]  All of the exhibits purportedly contain Western Digital's confidential information "regarding the structure and function" of the accused products or "Western Digital's business operations."[70]  The court notes that page three of Western Digital's declaration supporting its sealing motion was apparently copied in error from Western Digital's declaration supporting the sealing of documents related to Western Digital's opposition to GTE's motion to exclude portions of Mr. Pampinella's testimony.[71]  Moreover, although Western Digital relies, in part, on GTE's designation that Exhibits 1 and 3 are confidential, GTE did not file a timely, indeed apparently any, supporting declaration.  Because Western Digital has not pointed out with particularity why these documents must be sealed, Western Digital's request is DENIED.

**M.      GTE's Reply to Its Motion to Exclude Portions of Dr. Messner's Testimony**

GTE seeks leave to file Exhibit B under seal, because it relies on Western Digital's designation that Exhibit B contains Western Digital's confidential information.[72]  Although Western Digital failed to comply with Civil L.R. 79-5(e)(1) and filed a supporting declaration more than four days after GTE's sealing motion, the court will consider the declaration.[73]  In its declaration Western Digital identified that Exhibit B contains excerpts from the 30(b)(6) deposition testimony of Dave Terrill regarding the structure and function of Western Digital's accused

---

[69] *See* Docket No. 365.

[70] Docket No. 365-1 at 2.

[71] *See id.* at 3.

[72] *See* Docket No. 389.

[73] *See* Docket No. 435.

16

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

products including specific source code modules.[74]  Western Digital proposed a more

narrowly-tailored redactions that it believes warrant sealing.  After reviewing the redacted exhibit

the court is convinced those redactions to Exhibit B are warranted.  GTE's request to seal Exhibit B

is GRANTED-IN-PART.

**N.     GTE's Motion to Exclude Portions of Mr. Pampinella's Testimony**

GTE seeks leave to file its motion to exclude portions of Mr. Pampinella's testimony and

Exhibit 1 under seal.[75]  GTE claims sealing these documents is warranted because they contain

excerpts of Mr. Pampinella's deposition testimony that was designated confidential pursuant to the

protective order in this case.  GTE's motion may not be sealed because the motion merely

describes Mr. Pampinella's understanding of damages law.

GTE believes sealing of Exhibit 1 is warranted, in part, because Western Digital designated

Mr. Pampinella's expert report confidential.  Although Western Digital did not satisfy

Civil L.R. 79-5(e)(1) and nominally filed a late declaration in support of GTE's sealing motion, the

court would have considered that declaration.  The court observes, however, that no supporting

declaration was ever filed, just two proposed orders.[76]  For its part, GTE represents that Exhibit 1

includes financial information pertaining to GTE's historical sales and excerpts from Mr. Wagner's

report which it has designated confidential pursuant to the protective order in this case.  After

reviewing the report the court believes some sealing is warranted.  GTE may seal paragraphs 59-61

of the exhibit on page 24.  GTE's request to seal Exhibit 1 is GRANTED-IN-PART.

**O.     Western Digital's Opposition to GTE's Motion to Exclude Portions of Mr.
         Pampinella's Testimony**

Western Digital seeks leave to file its opposition and supporting Exhibits A-D under seal

---

[74] *See id.* at ¶ 4.

[75] *See* Docket No. 456.

[76] *See* Docket Nos. 320 and 320-1.

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

because those documents contain "highly sensitive confidential financial and business information required to be filed under seal pursuant to the parties' Protective Order in this action."[77]  Although Western Digital relies, in part, on GTE's designation of some of the information in these Exhibits as confidential, GTE did not file a timely, indeed apparently any, supporting declaration.  Because Western Digital has not pointed out with particularity why these documents must be sealed, Western Digital's request is DENIED.  The exhibits and the opposition may not be filed under seal.

**P.      GTE's Reply to Its Motion to Exclude Portions of Mr. Pampinella's Testimony**

GTE seeks leave to file its reply and Exhibits 1-3 entirely under seal.[78]  GTE relies on Western Digital's designation that Exhibits 1-2 contain Western Digital's confidential information. As to Exhibit 3, GTE represents the exhibit contains its "financial information relating to the sale of its head/disk testers that is confidential and proprietary to GTE."[79]  Although Western Digital failed to comply with Civil L.R. 79-5(e)(1) and filed a supporting declaration more than four days after GTE's sealing motion, the court will consider the declaration.[80]  Western Digital represents that Exhibit 1 contains "information regarding Western Digital's design and development of one of Western Digital's internal testers" and includes "citations to deposition testimony" from its fact witnesses.[81]  Exhibit 2 contains its "financial and business information which it considers to be highly sensitive."[82]  After reviewing the request the court is convinced that some sealing is warranted.

GTE's reply may be sealed in part: page 2, lines 21-22 and page 3 lines 1-9 may be sealed.

---

[77] Docket No. 367-1 at ¶ D.

[78] *See* Docket No. 407.

[79] Docket No. 407-1 at ¶ 8.

[80] *See* Docket No. 439.

[81] *Id.* at ¶ 5.

[82] *Id.* at ¶ 6.

18

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

1    Portions of Exhibit 1 (¶¶ 23-24 and 59-61) may also be sealed.

2    Exhibit 2 may not be sealed.

3    Portions of Exhibit 3 (¶¶ 62-64 and 71-72) may also be sealed.

4    GTE's request is GRANTED-IN-PART.

5    **Q.      Western Digital's Motion to Exclude Mr. Wagner**

6    Western Digital seeks leave to file Exhibits A-C and E-H as well as a redacted version

7    Western Digital's underlying motion citing those exhibits under seal.[83]   Western Digital relies on

8    GTE's designation or its own belief that Exhibits A-C and E-G contain GTE's confidential

9    information.   Western Digital does not explain with particularity why Exhibit H requires sealing.[84]

10   Western Digital's request as to Exhibit H therefore is DENIED.

11   Although GTE failed to comply with Civil L.R. 79-5(e)(1) by filing a supporting

12   declaration within than four days of Western Digital's sealing motion, the court will consider the

13   declaration.[85]   After reviewing the parties' representations alongside the exhibits the court believes

14   some sealing is warranted.

15   Exhibit A is the Mr. Wagner's expert report that cites confidential information of Western

16   Digital and GTE including the price Western Digital paid for GTE's V2002 tester and detailed

17   descriptions of GTE's trade secrets.[86]   Paragraphs 31-34, 38-41, 48-65, 71-73, 82-83, 87, 92-113,

18   119-121, and 124-154 may be sealed.

19   Exhibit B is the 1996 Agreement.   That document may be sealed to avoid adversely affect

20   GTE's "ability to negotiate terms of other agreements" with other customers outside the context of

---

[83] *See* Docket No. 316.

[84] *See* Docket No. 316-1 at F.

[85] *See* Docket No. 321.

[86] *See* Docket No. 321 at ¶ 4.

Case No.: 5:11-cv-03786-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

this litigation.[87]

Exhibit C is the 2004 Agreement.  It too may be sealed.

Exhibit E is Dr. Klopp's expert report.  GTE represents that the report "includes detailed descriptions of Guzik's trade secret information, including pictures of components of Guzik's tester components embodying Guzik's trade secret information and excerpts of confidential deposition testimony regarding such information."[88]  It may be sealed.

Exhibit F is GTE's third amended response to Western Digital's second set of interrogatories.  GTE represents this document contains descriptions of trade secret information regarding its testing equipment, but acknowledges that the entire document does not need to be sealed.  Accordingly, GTE submitted a more narrowly-tailored redacted document for the court's review.  After reviewing those redactions the court agrees that sealing is warranted as to those portions of Exhibit F.

Exhibit G contains excerpts from the deposition transcript of Mr. Wagner.  Those excerpts include the price Western Digital paid for GTE's V2002 tester and some of Western Digital's confidential information.  The court will only permit sealing of line 15 on page 95 of Exhibit G. All other information may not be filed under seal.

The underlying motion to exclude Mr. Wagner may be sealed in part.  The redactions at page 1, lines 15, 22-23; page 5 lines 12, 16-23; page 6 line 23; page 9 lines 2, 4, 13; and page 10 lines 25-26 may be sealed.

Western Digital's request is GRANTED-IN-PART.

**R.      GTE's Opposition to Western Digital's Motion to Exclude Mr. Wagner**

GTE seeks leave to file portions of its opposition and Exhibit A, excerpts from

_____

[87] *Id.* at ¶ 5.

[88] *Id.* at ¶7.

20

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

Mr. Wagner's deposition transcript, under seal.[89]  GTE represents that these documents warrant sealing, because they include "financial information relating to the sale" of GTE's head/disk testers.[90]  After reviewing both the opposition and Exhibit A the court finds that the good cause standard has not been satisfied.  GTE's request is DENIED.

**S.      Western Digital's Reply to Its Motion to Exclude Mr. Wagner**

Western Digital seeks leave to file portions of its reply and Exhibits 1-3 under seal.[91]  The court considers each in turn.

Western Digital seeks leave to file Exhibit 1 under seal because GTE designated Exhibit 1 confidential.  GTE has not filed a declaration supporting the sealing of Exhibit 1.  Thus, Exhibit 1 will not be sealed.

Exhibit 2 contains excerpts from Mr. Pampinella's expert rebuttal report that contains Western Digital's "highly confidential business information" that falls within the protective order in this case.[92]  Western Digital has not pointed out with particularity why Exhibit 2 warrants sealing.  Exhibit 2 will not be sealed.

Exhibit 3 contains excerpts from the deposition transcript of Mr. Wagner.  Western Digital relies, in part, on GTE's designation that this transcript is confidential and also represents that this document contains Western Digital's "business information which it considers to be highly sensitive."[93]  GTE has not filed a declaration supporting the sealing of Exhibit 3.  Western Digital has not pointed out with particularity why Exhibit 3 warrants sealing.  Exhibit 3 will not be sealed.

The court has also reviewed the proposed redactions to Western Digital's underlying reply

---

[89] *See* Docket No. 363.

[90] Docket No. 363-1 at ¶ 5.

[91] *See* Docket No. 421.

[92] Docket No. 421-1 at ¶ 5.

[93] *Id.* at ¶ 6.

21

Case No.: 5:11-cv-03786-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

briefing and finds that sealing is not warranted.

Western Digital's request is DENIED.

**IT IS SO ORDERED.**

Dated: November 27, 2013

PAUL S. GREWAL
United States Magistrate Judge

Case No.: 5:11-cv-03786-PSG
OMINBUS ORDER RE: SEALING MOTIONS

United States District Court
For the Northern District of California